PECK *v.* EBERT.

1. PLEADING—AMENDMENTS—VARIANCE.

In an action for a claimed balance due plaintiff for his services in building a house, where the declaration charged that plaintiff was to receive, in addition to $6 per day, 6 per cent. of the total cost of the material used, while his claim on the trial, supported by evidence, was that he was to receive 6 per cent. of the cost of the labor as well as material, an amendment to the declaration to include the cost of the labor was justified.

2. TRIAL—ISSUES OF FACT—INSTRUCTIONS.

> *Held*, that the charge of the trial judge presented the one disputed question of fact, viz., what the actual contract between the parties was, fairly and without favor to either party.

3. NEW TRIAL—WEIGHT OF EVIDENCE.

> *Held*, that the verdict was not so strongly against the weight of the evidence as to require reversal.

Error to Wayne; Mandell (Henry A.), J. Submitted January 22, 1920. (Docket No. 31.) Decided April 10, 1920.

Assumpsit by Charles E. Peck against Louis S. Ebert for an amount due under a building contract. Judgment for plaintiff. Defendant brings error. Affirmed.

*Elmer H. Groefsema*, for appellant.

*Charles Bowles*, for appellee.

BROOKE, J. In the spring of 1917, defendant, desiring to erect a house on Puritan avenue in the city of Detroit, made a contract with plaintiff with reference thereto. This suit between the parties grows out of a difference between them as to what the contract was. It is the claim of the plaintiff that defendant agreed to pay him for his services, as superintendent and otherwise in and about the erection of said building, the sum of $6 per day, to be paid weekly, and 6 per cent. of the total cost of the labor and material entering into said building, payable upon the completion thereof, whereas defendant claims that plaintiff's services were to be rendered for the sum of $6 per day only and that no mention was made of any percentage to be paid to plaintiff in addition to said daily stipend.

The declaration charged an agreement to pay "6

per cent. of the total cost of *material* used in and about the construction of said building." Plaintiff having testified that the 6 per cent. was to be paid from the cost of labor as well as material, an amendment to the declaration in that regard was permitted over defendant's objection. Plaintiff testified that the building cost "about $10,000." Defendant's testimony was that it cost $9,939.55. The verdict of the jury, after a full hearing upon the merits, was in favor of plaintiff for the sum of $604.55.

Upon motion for a new trial, the same was denied, on condition that plaintiff remit the sum of $60 from the verdict rendered. A remittitur having been filed, a judgment was rendered for the balance which is now reviewed in this court.

There are 13 assignments of error. The first two relate to the admission of testimony. We perceive no reversible error therein. The third is based upon the ruling of the court admitting the amendment to plaintiff's declaration. Inasmuch as plaintiff swore positively that the contract was that he should receive 6 per cent. on the cost of labor as well as material, we think the amendment justified. Assignments 4 to 12, inclusive, are based upon alleged erroneous instructions to the jury. No requests to charge were preferred by the defendant. We have read the charge carefully and are of the opinion that it presented the one disputed question of fact, namely, what the actual contract between the parties was, to the jury, fairly and without favor to either side.

The last assignment is based upon the refusal of the court to grant a new trial upon the ground particularly that the verdict was against the great weight of the evidence. The court said:

"1. That the verdict was not so heavily against the weight of evidence as to convince the court that it should be set aside.

"2. That while the court may not have agreed with the jury upon its version of the transaction, the court is not convinced that the evidence was so strongly preponderating in favor of the defendant that the verdict should be set aside and a new trial granted."

It is sufficient to say that we agree with the court in this conclusion. A single sharply contested question of fact was presented for the consideration of the jury, which they have determined in plaintiff's favor. No legal questions are involved.

The judgment is affirmed.

MOORE, C. J., and STEERE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.